UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20279-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JULIJA VINOGRADOVA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about November 22, 2011, court-appointed defense counsel Scott W. Sakin ("Counsel") submitted a voucher application numbered FLS 11 2152 with appended time sheets requesting $36,864.25 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated November 22, 2011 in support of his voucher application.

Counsel represented Defendant Julija Vinogradova ("Defendant") for six months from his appointment on April 6, 2011 until October 20, 2011 and seeks compensation for this time in the voucher application. Counsel seeks $36,864.25 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 574]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned a sixty count Indictment **[DE # 102]** charging fifteen codefendants with numerous crimes including conspiracy to commit wire fraud, wire fraud, conspiracy to commit fraud in connection with immigration documents, fraud in connection with immigration documents and bribery of a public official.

Defendant was specifically named in Counts I, XXIII, XXIV, XXV, XXVI, XXVII, XLI, LIV and LV. In Count I, Defendant was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. In Counts XXIII, XXIV, XXV, XXVI and XXVII, Defendant was charged with wire fraud in violation of 18 U.S.C. § 1343. In Count, XLI, Defendant was charged with conspiracy to commit fraud in connection with immigration documents in violation of 18 U.S.C. § 371. In Counts LIV and LV, Defendant was charged with fraud in connection with immigration documents in violation of 18 U.S.C. § 1546.

Defendant faced a separate maximum term of twenty years imprisonment for each of the following Counts: XXIII, XXIV, XXV, XXVI and XXVII. Defendant faced a term of five years imprisonment on the conspiracy to commit fraud in connection with immigration documents charge and ten years imprisonment on each of the two immigration fraud

charges. Counsel later entered a plea of guilty to one count of conspiracy to commit wire fraud. **[See DE # 373]**. She was sentenced to time served and ordered to pay $4,299.14 in restitution. **[See DE # 373]**.

Second, discovery was voluminous in this case. "The Government initially provided discovery in the form of a hard drive which included 12,000 documents and over 120 audio and video recordings. Some of the recordings contained up to 8 hours of individual recordings. Some of the recordings [were] conversations in Russian." (November 22, 2011 letter at 1).

"There [were] over 12,000 documents in this case, some of which were forgeries, some legitimate and many difficult to determine the applicability to my defendant. The video recordings went on for hours and probably equaled in excess of 500 hours." (November 22, 2011 letter at 3). "The amount of discovery - that is, 302 reports from the FBI, audio/visual surveillance, bank documents, credit card documents, immigration documents - was far more than the average case." (November 22, 2011 letter at 4). The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 6.8 in-court hours totaling $850.00.

The CJA administrator also reviewed the 286.1 out-of-court hours sought by Counsel. Counsel sought compensation for 70.4 hours for "Interviews and conferences" and 108.7 hours for "Obtaining and reviewing records." Counsel also sought compensation for 9.6 hours for "Legal research and brief writing", 13.7 hours of "Travel time" and 83.7 hours for Investigative and Other work."

Counsel sought $154.25 in "Travel Expenses." Lastly, Counsel sought $97.50 in "Other Expenses."

### In-Court Hours[1]

Counsel sought compensation for 6.8 in-court hours totaling $850.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $850.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 286.1 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of out-of-court hours or the total amount claimed by Counsel.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that these entries be reduced:

| Date | Description | Hours |
|---|---|---|
| 4/12/11 | Meeting with prosecutor | 0.5 hours [reduce to 0.1 hour] |
| 4/13/11 | Correspondence with government | 0.2 hours [reduce to 0.1 hour] |
| 5/4/11 | Correspondence with government | 0.2 hours [reduce to 0.1 hour] |
| 6/8/11 | Conference with AUSA Dick Gregory | 0.5 hours [reduce to 0.1 hour] |
| 7/14/11 | Conference with prosecutor | 0.5 hours [reduce to 0.1 hour] |
| 8/15/11 | Correspondence with prosecutor | 0.2 hours [reduce to 0.1 hour] |
| 8/15/11 | Correspondence with prosecutor | 0.2 hours [reduce to 0.1 hour] |
| 8/17/11 | Phone calls to prosecutor | 0.3 hours [reduce to 0.1 hour] |
| 9/7/11 | Phone call with AUSA Dick Gregory | 0.2 hours [reduce to 0.1 hour] |
| 9/9/11 | Phone calls with prosecutor | 0.2 hours [reduce to 0.1 hour] |
| 9/14/11 | Conference with prosecutor | 0.2 hours [reduce to 0.1 hour] |

These entries are not sufficiently detailed to justify compensation in the amount requested by Counsel. The "Supplemental Instructions for Completing CJA20 Vouchers"

form (the "Supplemental Instructions") is instructive in this regard. The form provides that"[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to each conference listed above, Counsel failed to explain the reason for the duration of the conferences in excess of 0.10 hours.

Accordingly, I recommend that these entries should be reduced by a total of 2.1 hours, compensating Counsel with 0.1 hour for each of the above described entries. This results in a total reduction of $262.50.

Counsel also included one other problematic entry. Counsel included an entry for time spent "Receiv[ing] and Review[ing] various pleadings from co-defendants, 30 pages" on May 26, 2011. Counsel failed to provide any additional information concerning this entry. Counsel failed to identify the documents reviewed, either by description or by docket entry number. I recommend that this entry be eliminated as it is not possible for the Court to determine whether this was a proper use of billable time. This results in an additional reduction of $62.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $35,437.50 for his out-of-court hours.

### Expenses

Counsel sought $154.25 in "Travel Expenses." Counsel also sought $97.50 in "Other Expenses." The CJA administrator made no corrections to either amount. I hereby approve the $154.25 in "Travel Expenses" and the $97.50 in "Other Expenses."

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $36,539.25 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 7 day of February, 2012.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Scott W. Sakin, Esq.
Lucy Lara, CJA administrator

-8-